## MALACEK, et v SHAKER HEIGHTS (village) et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10354. Decided June 16, 1930

George S. Myers, Cleveland, for Malacek.
Boyd, Brooks & Wickham, Cleveland, for Village.

MIDDLETON & MAUCK, JJ (4th Dist) and
SHERICK, J (5th Dist) sitting.

MAUCK, J.

The nature of the plaintiff's charges will appear as they are severally discussed.

The first complaint runs to the emergency provision attached to the resolution of May 2 declaring the intention of the village to appropriate. As no attempt was

made to raise this question during the period when a referendum might have been had it is not now open to attack. **Vansuch vs. State, 112 Oh St 688, Smith vs. Fremont, 115 Oh St 729.**

It is further urged that **3860 GC,** required the mayor of the village to cause notice of the adoption of the resolution to be given plaintiffs immediately after such adoption and that such notice was not served until May 18. The purpose of the notice is to protect the municipality from any added improvements being placed on the property sought to be appropriated, thus enhancing the value thereof. To enjoin the village from proceeding with a great public improvement because the mayor had served a notice a few days later than he could have served it would be an abuse of judicial power. The plaintiffs lost nothing by the delay in receiving notice and no possible right of the plaintiffs has been affected by the delay. The contention is trivial.

Again it is claimed that though the emergency clause of the resolution of May 2 be beyond challenge by virtue of no attack having been made thereon within the period during which a referendum might have been had, the resolution of May 23 could not have been adopted until three weeks after the ordinance of May 2 had been adopted, and that the ordinance of May 2 should not be deemed in force until thirty days after its adoption or June 1. That is not the rule. Since the emergency clause of the resolution of May 2 was not challenged within the probationary period that clause must be given full effect and it must now be held that the whole resolution went into effect immediately upon its adoption. Vansuch vs. State, supra.

It is not clear that the amended petition questions. the ordinance of May 23 on the ground that it was subject to referendum but that contention is made in argument. We find it to be without substance. The effective step in the proceedings to appropriate was the resolution of May 2.

"Where the resolution has thus been acted upon, passed and recorded, the municipal power has been exercised and the appropriation made."
**Railway Company vs. Greenville, 69 Oh St 487, 493.**

The resolution of May 2 was the vital one in effecting the appropriation and was, if no emergency clause prevented, subject to referendum. The proceeding to appropriate was in effect a public improvement and only the initial action in a public improvement is subject to referendum. Section **4227-3 GC, McFarlan vs. Norwood, 26 C. C. (n. s.) 33.** The resolution of May 23 was not, therefore, the subject matter of a referendum and was effective on its adoption.

The remaining question is one of fact. It is strenuously argued that the Van Sweringen Company exercised an undue influence in the government of the village and that that company used the officers of the village to accomplish the private purposes of the corporation, and that this appropria-

tion is the result of a conspiracy or collusion between the village officers and the corporation mentioned. We agree with the observation of the judge who tried the case below that there is not a particle of direct evidence to sustain this conclusion. This view can not be adopted unless from the facts themselves a conspiracy to accomplish a lawful thing in an unlawful way can be implied. The evidence shows that the Van Sweringen Company attempted to acquire the plaintiff's strip of land, and failing to do so attempted to co-operate with the plaintiffs in platting the plaintiffs' land in conjunction with the property of the Van Sweringen Company. In anticipation of accomplishing something in this direction the Van Sweringen Company prepared a plat showing the layout of the subdivision if the two properties were treated as a unit. No attempt was ever made to have this plat adopted. It was only a delineation showing the possibilities of a cooperative effort. The testimony shows that when it was found that the two property owners could not co-operate an engineer representing the Van Sweringen Company platted the subdivision now under consideration with reference to the other subdivisions of the village, and in doing so laid out Fayette Road and the oval in what was deemed by the engineer the most artistic way. It must be borne in mind that this plat with its streets and public places has been accepted by the village and the dedication of the streets and public places accomplished. We have no power to undo that dedication. It appears to happen that in order to connect the two dedicated portions of Fayette Road it will be necessary to appropriate a part of plaintiffs' lands and that this particular part of the plaintiffs' lands is in part occupied by a building used by the plaintiffs for commercial purposes. Whether some other, better or equally good a course could have been taken by Fayette Road was a question to be determined jointly by the dedicators and the village council, and unless a manifest abuse of discretion were shown it would be beyond our power to disturb their action. As we have pointed out, the only evidence bearing upon the question is that the street was projected for sound artistic reasons and without any purpose of accomplishing a wrong to the plaintiffs, and there is no reason apparent to us why the plaintiffs will not be fully compensated for any loss sustained by the verdict of the jury in the appropriation proceeding. It is possibly true that since the acceptance of the plat of the Van Sweringen lands the comparatively small strip owned by the plaintiffs will be with difficulty so platted as to be accepted by the municipal officers, but that indicates no lack of good faith on the part of any of the parties defendant herein. It is rather suggestive of the theory that the plaintiffs are desiring to use their small tract for the purpose of securing benefits to them that their situation does not make it possible for them to realize.

The petition of the plaintiffs is dismissed.

Middleton and Sherick, JJ, concur.